# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE STANSBERY,<br><br>    Plaintiff,<br><br>v.<br><br>J. BENAK, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01605-LJO-DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SCREENING ORDER (ECF NO. 2)<br><br>ORDER STRIKING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (ECF NO. 10)<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR DEFENDANTS' COUNSEL TO INCLUDE STATE BAR NUMBER ON DOCUMENTS (ECF NO. 12) |

**I.    Background**

Plaintiff Kenneth Lee Stansbery ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants J. Benak, Muehldorf, Bangi, Curtis Allen, Jack St. Clair, and Matthew Cate for deliberate indifference to a serious medical need in violation of the Eighth Amendment[1], and state law claims of medical malpractice, negligence, and denial of medical care. Plaintiff filed this action in Tuolomne County Superior Court on July 26, 2011. Defendant Cate removed the action to this Court on September 20, 2011 pursuant to 28 U.S.C. § 1441(b), as this Court has original jurisdiction under 28 U.S.C. § 1331. The other Defendants joined in the removal on October 13, 2011.

Pending before the Court are: 1) Defendant's request that the Court screen Plaintiff's

---

[1] Plaintiff filed a separate claim for "pain and suffering" in violation of the Eighth Amendment, which is redundant and omitted here.

1

complaint pursuant to 28 U.S.C. § 1915A prior to requiring Defendants to file a responsive pleading, 2) Plaintiff's request for entry of default against Defendants, and 3) Plaintiff's motion that Defendants' counsel include her California state bar number on all documents.

## II.     Request For Screening Order

Defendant Cate requests that the Court screen Plaintiff's complaint pursuant to § 1915A, and grant Defendants thirty days in which to respond after the screening of Plaintiff's complaint. Plaintiff did not file a response.

Under § 1915A, this Court is required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Defendant's request is reasonable and will be granted.  A screening order will be issued in due course.

## III.    Request For Entry Of Default

Plaintiff contends that default and default judgment should be entered against Defendants for their failure to respond after receiving proof of service. ECF No. 10.  Plaintiff's request is unsigned.  The Court is required to strike unsigned documents filed with the Court.  Fed. R. Civ. P. 11(a).  Accordingly, Plaintiff's request will be stricken.

Even if Plaintiff's request was properly filed, it would be denied.  The Court will grant Defendant's request for a screening order of Plaintiff's complaint prior to requiring Defendants to file an answer or other responsive pleading.  Because the Court has not yet screened Plaintiff's complaint, Defendants are not yet required to provide an response.

## IV.    Motion For Counsel To Provide Bar Number On Documents

Plaintiff contends that he has not received any documents, from the Court or Defendants, since October 12, 2011.  ECF No. 12.  Plaintiff contends that the prison staff at Sierra Conservation Center, where Plaintiff is currently incarcerated, are returning mail that does not have a state bar number on the document. *Id.*

Plaintiff's motion is unsigned and will be stricken.  Even if it was signed, the motion is moot.  A review of the court docket indicates that Defendants' counsel has listed her state bar

2

number on all of Defendants' filings.  The Court last issued an order on December 20, 2011, in which Chief United States District Judge Anthony W. Ishii reassigned this case to United States District Judge Lawrence J. O'Neill.  ECF No. 13.

V. **Conclusion And Order**

Accordingly, it is HEREBY ORDERED that:

1. Defendant's request for a screening order pursuant to 28 U.S.C. § 1915A prior to requiring Defendants to respond to the complaint is granted;

2. Plaintiff's request for entry of default is stricken; and

3. Plaintiff's motion for Defendants' counsel to provide a state bar number on all documents is stricken.

IT IS SO ORDERED.

Dated:   **July 12, 2012**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

3