# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE STANSBERY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BENAK, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:11-cv-01605-LJO-DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Background**

　　　Plaintiff Kenneth Lee Stansbery ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants J. Benak, Muehldorf, Bangi, Curtis Allen, Jack St. Clair, and Matthew Cate for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and state law claims of medical malpractice, negligence, and denial of medical care. Plaintiff filed this action in Tuolomne County Superior Court on July 26, 2011. Defendant Cate removed this action on September 20, 2011 pursuant to 28 U.S.C. § 1441(a), as this Court has original jurisdiction under 28 U.S.C. § 1331. The other Defendants joined in the removal on October 13, 2011. Plaintiff's complaint is presently before the Court for screening.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.    Summary of First Amended Complaint

Plaintiff is incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: J. Benak, PAC; Muehldorf, RN; Dr. Bangi; Dr. Curtis Allen; Dr. Jack St. Clair, chief medical officer/executive; Director Matthew Cate; Does 1 through 6, successors to Defendant Cate; and Does 7 through 20, all other individuals responsible for medical of inmates at SCC.

Plaintiff alleges the following.  On December 16, 2009, Plaintiff met with Defendant J. Benak for orientation health screening.  Pl.'s Compl. ¶ 12.  Defendant Benak noted that Plaintiff had herpes simplex virus.  *Id.*  Defendant Benak discontinued his prescription for Zovirax.  *Id.*  Plaintiff told Defendant Benak that he had been on this medication for three years and without the medication he would break out in lesions that cause pain and discomfort.  *Id.*  Plaintiff informed Defendant Benak that he had previously been taken off the medication, in July of 2007, and that he had broken out in lesions, all of which was recorded in his medical file.  *Id.*  Defendant Benak did not review the files, finding that the medication was not medically noted and taking Plaintiff off the medication.  *Id.*

On January 12, 2010, Defendant Bangi evaluated Plaintiff. *Id.* ¶ 13. Plaintiff complained that Defendant Benak had taken Plaintiff off of Acyclovir and/or Zovirax and showed Defendant Bangi the lesions in his mouth and other areas. *Id.* Plaintiff explained that the lesions made it difficult to eat and would bleed during brushing of his teeth, causing pain. *Id.* Defendant Bangi noted Plaintiff's chronic herpes simplex virus types 1 and 2 for several years. *Id.* Defendant Bangi prescribed Acyclovir twice a day for 180 days, and requested that Plaintiff be scheduled for a follow-up in 90 to 120 days. *Id.* On January 22, 2010, Plaintiff was again seen by Defendant Bangi, complaining that he had not received the medication. *Id.* Defendant Bangi explained that the pharmacy had no 400 mg tablets, and would use the non-formulary 200 mg dosage instead. *Id.* Defendant Bangi did not document Plaintiff's sores or lesions, and Plaintiff was sent back to his dorm. *Id.*

On January 28, 2010, Plaintiff was seen by Defendant Muehldorf.[1] *Id.* ¶ 14. Defendant Muehldorf examined Plaintiff, but failed to document any sores or lesions. *Id.* Defendant Muehldorf advised Plaintiff to rinse his mouth with salt water, which Plaintiff did not have. *Id.* Plaintiff explained that he had not received his medication as prescribed by Defendant Bangi on January 22, 2010. *Id.* Defendant Muehldorf informed Plaintiff that the pharmacy was having problems getting Plaintiff's medication and told him to continue going to the pill line until he received it. *Id.* Defendant Muehldorf scheduled another appointment within two weeks. *Id.* Plaintiff was sent back to his dorm without any other resolution to his complaint. *Id.*

On February 9, 2010, Plaintiff was again seen by Defendant Bangi, and complained of his lack of medication. *Id.* ¶ 15. Defendant Bangi stated that the pharmacy would fix the problem because Plaintiff's medication was now available. *Id.* Plaintiff was prescribed Acyclovir 200 mg for 90 days. *Id.* On February 12, 2010, Plaintiff signed for and received a 30-day supply of Zovirax, as the generic brand was not available. *Id.* ¶ 16. On March 13, 2010, Plaintiff ran out of medication. *Id.* ¶ 17.

On April 9, 2010, Plaintiff complained of sores in his mouth causing pain. *Id.* ¶ 18.

---

[1] Plaintiff had listed "February" instead of January in his complaint. In the context of Plaintiff's complaint, this appears to be error.

Defendant Bangi examined Plaintiff's mouth and noticed an ulcerous lesion. *Id.* Defendant Bangi made a non-formulary[2] request for Famvir, two times a day for seven days, to treat acute outbreak of herpes simplex virus. *Id.* Plaintiff found that using Famvir was more effective for treatment of healing ulcer lesions and sores. *Id.* ¶ 19.  On April 23, 2010, Defendant Bangi prescribed 200 mg of Acyclovir for 90 days. *Id.* On May 21, 2010, Plaintiff signed for a 30-day supply of Acyclovir. *Id.* ¶ 20.

Plaintiff filed an appeal complaining of improper medical care and was seen by Defendant Curtis Allen, acting as Chief Medical Officer on July 13, 2010. *Id.* ¶ 21. Plaintiff complained of all the issues he had with Defendant Benak, and asked why he was not provided Famvir when Acyclovir was unavailable. *Id.* Defendant Allen told Plaintiff that it was an unfortunate delay. *Id.* Defendant Jack St. Clair answered Plaintiff's appeals with a denial or partial grant, but merely quoted or duplicated all statements by medical staff, and never saw or interviewed Plaintiff. *Id.* ¶ 22.

Plaintiff alleges medical malpractice, negligence, denial of medical care, and deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff requests as relief nominal, compensatory, and punitive damages, and costs of suit.[3]

### III. Analysis

#### A. Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate

---

[2] "Non-formulary" describes drugs not approved by a health insurance plan for a specific treatment, but may still be effective.

[3] Plaintiff also requests attorney's fees. Plaintiff as a pro se litigant is not entitled to receive attorney's fees under 42 U.S.C. § 1988. *Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990).

indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state an Eighth Amendment claim against any Defendants. Plaintiff has sufficiently alleged that he suffers a serious medical need, satisfying the objective prong. *Farmer*, 511 U.S. at 834. However, as to Defendant Benak, Plaintiff fails to allege facts which demonstrate that he acted with deliberate indifference to Plaintiff's serious medical needs. Based on the allegations, Defendant Benak did not review Plaintiff's medical file before discontinuing Plaintiff's Acyclovir medication. Thus, there are no facts which demonstrate that he knew of and disregarded an excessive risk to Plaintiff's health. *Id.* at 837.

Plaintiff fails to state an Eight Amendment claim against Defendant Muehldorf. Plaintiff names her as a Defendant, but fails to link her to any act that would demonstrate a violation of Plaintiff's constitutional or federal rights. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."). Based on the allegations, any delay that Plaintiff experienced in receiving his Acyclovir medication was allegedly an issue with the pharmacy's ability to obtain the medication.

Plaintiff fails to state an Eighth Amendment claim against Defendant Bangi. Based on the allegations, Defendant Bangi examined Plaintiff on several occasions and prescribed the

appropriate medication.  When Defendant Bangi learned that the pharmacy was not able to procure the prescribed medication in a timely manner, Defendant Bangi prescribed a non-formulary, but effective, drug as treatment.  Plaintiff fails to allege other facts which demonstrate that Defendant Bangi acted with deliberate indifference.  *See Farmer*, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.").

Plaintiff fails to state an Eighth Amendment claim against Defendant Allen.  Based on the allegations, Defendant Allen merely interviewed Plaintiff with regards to Plaintiff's medical appeals.  Plaintiff alleges no facts which indicate that Defendant Allen knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

Plaintiff fails to state an Eighth Amendment claim against Defendant St. Clair.  Based on the allegations, Defendant St. Clair never interviewed Plaintiff or examined him with regards to his medical appeals.  Plaintiff alleges no facts which indicate that Defendant St. Clair knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### B.  Supervisory Liability

Plaintiff names Defendants Jack St. Clair, Curtis Allen, Matthew Cate, and Does 1 through 20, namely for their supervisory roles.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 556 U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.*  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th

Cir. 1989).

Plaintiff fails to allege facts which demonstrate that Defendants Jack St. Clair, Curtis Allen, Matthew Cate, and Does 1 through 20 personally participated in an alleged deprivation of constitutional rights or knew of constitutional violations and failed to act to prevent them.

### C. State Law Claims

Plaintiff alleges medical malpractice, denial of medical care, and negligence by Defendants, which are state law claims. Because Plaintiff has failed to allege any cognizable federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(c)(3).[4]

## IV. Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567

---

[4] Because this action was removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

(citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to serve and file a first amended complaint within **thirty (30) days** from the date of service of this order; and

3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 17, 2012**          /s/ Dennis L. Beck
                           UNITED STATES MAGISTRATE JUDGE