# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH L. STANSBERY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BENAK, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01605-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS**<br><br>ECF No. 16<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

I. **Background**

Plaintiff Kenneth L. Stansbery ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants J. Benak, Muehldorf, Bangi, Curtis Allen, Jack St. Clair, and Matthew Cate for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and state law claims of medical malpractice, negligence, and denial of medical care. Plaintiff filed this action in Tuolomne County Superior Court on July 26, 2011. Defendant Cate removed this action on September 20, 2011 pursuant to 28 U.S.C. § 1441(a), as this Court has original jurisdiction under 28 U.S.C. § 1331. The other Defendants joined in the removal on October 13, 2011. On July 18, 2012, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it for failure to state a claim, with leave to amend. ECF No. 15. On August 17, 2012, Plaintiff filed his First Amended Complaint. ECF No. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of First Amended Complaint

Plaintiff is incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: J. Benak, PAC; Muehldorf, RN; Dr. Bangi; Dr. Curtis Allen; Dr. Jack St. Clair, chief medical officer/executive; Director Matthew Cate; and Does 1 through 20.[1]

Plaintiff alleges the following. On December 16, 2009, Plaintiff met with Defendant J. Benak. Defendant Benak discontinued his prescription for Zovirax. Plaintiff told Defendant Benak that he had been on this medication for three years and without the medication he would break out in lesions that cause pain and discomfort. Plaintiff informed Defendant Benak that he had previously been taken off the medication and that he had broken out in lesions, all of which was recorded in his medical file. Defendant Benak did not review the files, finding that the medication was not medically noted and taking Plaintiff off the medication.

On January 12, 2010, Defendant Bangi evaluated Plaintiff[2]. Defendant Bangi re-prescribed Zovirax. Defendant Bangi however did not document lesions and sores.

On January 28, 2010, and February 28, 2010, Plaintiff was seen by Defendant Muehldorf. Defendant Muehldorf examined Plaintiff, but failed to document any sores or lesions. Defendant Muehldorf prescribed rinsing Plaintiff's mouth with salt water, to which Plaintiff did not have

---

[1] Plaintiff makes no allegations against Doe Defendants, and thus fails to state a claim.
[2] Plaintiff contends that this examination occurred 42 days after Defendant Muehldorf saw Plaintiff. Plaintiff however alleges that Defendant Muehldorf saw Plaintiff on January 28, 2010. Plaintiff thus appears to be in error.

access.

On February 9, 2010, Plaintiff was again seen by Defendant Bangi, who prescribed medication. On February 12, 2010, Plaintiff signed for and received a 30-day supply of Zovirax. On March 13, 2010, Plaintiff ran out of medication. Defendant Bangi prescribed Famvir, for seven days. Plaintiff found that using Famvir was more effective for treatment of Plaintiff's lesions and sores in his mouth. On April 23, 2010, Plaintiff received a prescription for Acyclovir for 90 days.

Plaintiff filed an appeal complaining of improper medical care and was seen by Defendant Curtis Allen, acting as Chief Medical Officer on July 13, 2010. Plaintiff complained about why it took so long for Plaintiff to receive his medication. Defendant Allen told Plaintiff that it was an unfortunate delay. Defendant Allen also suggested that Defendant Benak had caused unnecessary harm. Defendant Jack St. Clair answered Plaintiff's appeals, but denied that Plaintiff had suffered harm.

Defendant Matthew Cate is the director and thus is responsible for all medical staff. Defendants Allen and St. Clair are responsible for the misconduct of their subordinate staff.

Plaintiff alleges medical malpractice, negligence, denial of medical care, and deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff requests as relief monetary damages.

**III.   Analysis**

    **A. Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298

(1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

"Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has sufficiently alleged that he suffers a serious medical need, satisfying the objective prong.  *Farmer*, 511 U.S. at 834.  Plaintiff states an Eighth Amendment claim against Defendant Benak for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff alleges facts which indicate that Defendant Benak knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

Plaintiff fails to state an Eight Amendment claim against Defendant Muehldorf.  Plaintiff names her as a Defendant, but fails to link her to any act that would demonstrate a violation of Plaintiff's constitutional or federal rights.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law.").  Based on the allegations, Defendant Muehldorf did not know of and disregard an excessive risk of serious harm to Plaintiff's health.

Plaintiff fails to state an Eighth Amendment claim against Defendant Bangi.  Based on the allegations, Defendant Bangi examined Plaintiff on several occasions and prescribed the appropriate medication.  Plaintiff fails to allege other facts which demonstrate that Defendant Bangi acted with deliberate indifference.  *See Farmer*, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.").

Plaintiff fails to state an Eighth Amendment claim against Defendant Allen.  Based on the

allegations, Defendant Allen merely interviewed Plaintiff with regards to Plaintiff's medical appeals. Plaintiff alleges no facts which indicate that Defendant Allen knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

Plaintiff fails to state an Eighth Amendment claim against Defendant St. Clair. Based on the allegations, Defendant St. Clair never interviewed Plaintiff or examined him with regards to his medical appeals. Plaintiff alleges no facts which indicate that Defendant St. Clair knew of and disregarded an excessive risk of serious harm to Plaintiff's health.

### B. Supervisory Liability

Plaintiff names Defendants Jack St. Clair, Curtis Allen, Matthew Cate, and Does 1 through 20, namely for their supervisory roles. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. *Id.* When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege facts which demonstrate that Defendants Jack St. Clair, Curtis Allen, Matthew Cate, and Does 1 through 20 personally participated in an alleged deprivation of constitutional rights or knew of constitutional violations and failed to act to prevent them.

### C. State Law Claims

Plaintiff alleges medical malpractice and negligence by Defendants, which are state law claims. California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action

accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentations of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988). As there is no such pleading in this complaint, Plaintiff's state law claims are dismissed.

## IV.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's Eighth Amendment claim against Defendant J. Benak for deliberate indifference to a serious medical need;
2. All other claims be dismissed for failure to state a claim upon which relief may be granted; and
3. Defendants Muehldorf, Bangi, Allen, St. Clair, Cate, and Does 1 through 20 be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 26, 2013**                    /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE